IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ENDEAVOR ENERGY RESOURCES, L.P.,** a Texas Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>**GATTO & REITZ, LLC,** a Pennsylvania Limited Liability Company,<br><br>Defendant / Third Party Plaintiff,<br><br>v.<br><br>**RIDEC, INC., MARCELLUS MINERAL GROUP, LLC** and **JAMES C. ELLIS**,<br><br>Third Party Defendants. | ) | 2:13cv542<br>**Electronic Filing** |

**MEMORANDUM ORDER**

AND NOW, this 10th day of March, 2014, upon due consideration of third party defendant RIDEC's motion to dismiss Gatto & Reitz's third party complaint and the parties' submissions in conjunction therewith, IT IS ORDERED that [26] the motion be, and the same hereby is, granted in part and denied in part. The motion is granted to the extent Gatto & Reitz seeks declaratory relief solely on the specific oil and gas lease between RIDEC and Endeavor. The Court agrees that Gatto & Reitz lacks standing to seek declaratory relief solely on this agreement; and

IT FURTHER IS ORDERED that upon due consideration of third party defendants' Marcellus Mineral Group, LLC ("MMG") and James C. Ellis's motion to dismiss Gatto & Reitz's third party complaint and the parties' submissions in conjunction therewith, [35] the motion be, and the same hereby is, granted in part and denied in part. The motion is granted to the extent Gatto & Reitz seeks declaratory relief solely on the specific lease oil and gas lease between

RIDEC and Endeavor. The Court agrees that Gatto &Reitz lacks standing to seek declaratory relief solely on this agreement.

The motions are denied to the extent Gatto & Reitz seeks to establish an overarching contractual arrangement between all the parties to this litigation (with the possible exception of RIDEC), which agreement resulted in (1) formation of the escrow agreement, (2) the undertakings leading to the execution of the oil and gas lease and (3) the release of the escrow funds. Declaratory relief may prove to be appropriate at summary judgment as between these parties for the purpose of determining whether realignment of the parties is required in order to adjudicate plaintiff's claims. It may also prove to be appropriate in order to assure that the court has subject matter jurisdiction over the action and/or to determine whether a stay of the action is warranted while resort to declaratory relief in state court is undertaken before this action can proceed. RIDEC is at least a necessary party to this aspect of the parties' dispute because the court may reach the oil and gas lease as a component of the seeming overarching agreement and RIDEC's rights under the oil and gas lease may well be impaired or impeded from the outcome of such further proceedings/adjudication(s). MMG and Ellis are at least necessary parties to this aspect of the parties' dispute because its/their rights under the seeming overarching agreement leading to the payment of compensation may well be impaired or impeded from the outcome of such further proceedings/adjudication(s).

The motions also are denied as to the unjust enrichment claim. RIDEC's contentions fail to comport with the applicable standards of review and its brief takes unwarranted liberties in reading the allegations of third-party complaint and drawings inferences and conclusions about those allegations. Gatto & Reitz is entitled to plead in the alternative. Its third-party complaint incorporates the allegations of Endeavor's complaint in the alternative. When viewed through the light most favorable to Endeavor, a plausible claim has been stated that is premised on

Endeavor and RIDEC negotiating and presumably entering into an oil and gas lease that contained the revisions Endeavor insisted on in August of 2011. As part of that plausible claim, a fair and reasonable inference can be drawn that RIDEC understood Endeavor was expecting these requested terms and it had to acquiesce to them to reach an agreement. It also is a fair and reasonable inference that RIDEC never received any communication displacing this understanding. Thus when it received a contract and the bonus consideration that purportedly was executed without those terms, it had fair reason to believe the parties did not have a uniform understanding of the deal and it was receiving the funds under circumstances that were not consistent with the parties' understanding and belief about the terms of the resulting contract. In other words, RIDEC was aware that it was receiving benefits beyond those that the parties had agreed upon and those benefits mistakenly were being bestowed upon it by Endeavor's agent(s) at Endeavor's expense. Proof of such circumstances would present is a classic basis for unjust enrichment.

MMG and Ellis' contentions are misplaced for essentially the same reasons. Their motion has been granted to the extent it challenges Gatto & Reitz's ability to seek declaratory relief solely on the oil and gas lease but denied to the extent it challenges Gatto & Reitz's ability to obtain declaratory relief on the seeming overarching agreement governing the undertakings between themselves, Endeavor and Gatto & Reitz. Against this backdrop declaratory relief may prove to be appropriate at summary judgment as between these parties for the purpose of determining whether realignment of the parties is required in order to adjudicate plaintiff's claims. It may also prove to be appropriate in order to assure that the court has subject matter jurisdiction over the action and/or to determine whether a stay of the action is warranted while resort to declaratory relief in state court is undertaken before this action can proceed. MMG and Ellis are at least necessary parties to this aspect of the parties' dispute because its/their rights

under the seeming overarching agreement leading to the payment of compensation may well be impaired or impeded from the outcome of such further proceedings/adjudication(s).

Moreover, the pleadings raise a dispute about whether MMG through Ellis merely was an "introducer" of Endeavor and RIDEC, as MMG claims, or an agent for Endeavor in negotiating the agreement between Endeavor and RIDEC. Under the later scenario the allegations of Endeavor's complaint can be read to raise a plausible claim that the transaction was finalized under circumstances that did not reflect the terms to which Endeavor had insisted upon and to which it and RIDEC had agreed. In that event it is a fair inference that MMG through Ellis knew or had reason to know they were receiving the "compensation" for the work performed where the object of the work, a clear and enforceable oil and gas lease containing all the terms to which both parties had agreed, had not been achieved. In other words, MMG through Ellis was aware that it was receiving benefits pursuant to a contract that contained terms beyond or outside of those to which the parties had agreed and benefits in the form of compensation mistakenly were being bestowed upon it at Endeavor's expense. Proof of such circumstances would present a classic basis for unjust enrichment.

All of the parties have entangled themselves in a very murky setting. They have done so at their own peril. At this juncture the court does not have an obligation to undertake a comprehensive and exhaustive review of all of the potential law that may prove to be applicable. Instead, careful consideration of the specific facts actually produced at summary judgment appears to be the prudent course in order to assure that subject matter jurisdiction exists or can be perfected over the matters raised and in that event to determine what claims, if any, can proceed to trial.

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Denise D. Pentino, Esquire
Randal M. Whitlach, Esquire
Nicholas J. Godfrey, Esquire
James R. Schadel, Esquire
Scott R. Eberle, Esquire

(*Via CM/ECF Electronic Mail)*