# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

ENDEAVOR ENERGY RESOURCES, L.P.                                    PLAINTIFF

VS.                            2:13-CV-00542-BRW

GATTO & REITZ, LLC                                                 DEFENDANT/
                                                                   THIRD-PARTY PLAINTIFF
VS.

RIDEC, INC., *ET AL.*                                              THIRD-PARTY DEFENDANT

## ORDER

Pending are numerous motions for summary judgement. For the reasons set out below, all the motions (Doc. Nos. 184, 190, 192, 193, 199, 206, 212, 216) are DENIED. The Motions to Correct Concise Statement of Facts (Doc. Nos. 222, 267) are GRANTED, but MOOT.

## I.     BACKGROUND

Third-Party Defendant James Ellis is an oil and gas landman, employed by Marcellus Mineral Group ("MMG") who brokers deals between oil companies and landowners. Defendant Gatto & Reitz, LLC was a law firm used by Mr. Ellis. On April 29, 2011, Plaintiff distributed funds Defendant to pay for an oil and gas lease ("OGL") brokered by Mr. Ellis. The funds were sent to the law firm because Mr. Ellis did not know his company account number, and Plaintiff was ready to send funds. After that deal fell through, Defendant held the money in its account to be used as payment in a possible future deal.

Next, Mr. Ellis brokered a deal between Plaintiff and RIDEC. On May 9, 2012, Defendant distributed the funds to RIDEC and the next day distributed funds to Mr. Ellis, care of MMG. Plaintiff claims that it never received an acceptable lease and never gave Defendant permission to distribute the funds.

1

Plaintiff asserts claims for breach of contract, breach of fiduciary duty, conversion, fraud, and civil conspiracy and seeks to recover the $2,702,500.00 that Defendant distributed, as well as related damages, fees, and costs. Plaintiff also asserts that the Third-Party Defendants (Ellis, RIDEC, and MMG) (potentially with Defendant's support) misled Plaintiff into believing that the lease contained Plaintiff's demanded terms.

Defendant filed a third-party complaint against the Third-Party Defendants seeking indemnification and a declaration that there was a binding agreement between Plaintiff and RIDEC. Defendant also asserts that if there was no binding agreement, the Third-Party Defendants have been unjustly enriched.

RIDEC contends that, when this case was filed, it had been operating under the terms of the lease for over a year and was unaware that there were issues with the lease, and this case is based, simply, on Plaintiff's buyer's remorse.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[1] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[2]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[3]

---

[1] Fed. R. Civ. P. 56.

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[3] *Anderson*, 477 U.S. at 248.

## III. DISCUSSION

Numerous material facts in this case disputed. This is to be expected when a multi-million dollar deal was being negotiated, <u>only orally</u>, between an owner of an oil and gas company (allegedly trying to avoid the attention of his in-house counsel) and a landman. Complicating matters more is the owner depositing money for the lease purchase (and bonuses and payments to the landman) into the landman's lawyer's IOLTA account, because the landman did not know his account number at the time Plaintiff was itching to send the money. Additionally, the owner, allegedly, sent a signature page to the landman before seeing the entire lease and agreeing to all the terms in the agreement. Ultimately, the landman's lawyer released the money (presumably with the understanding that the release was authorized), and the landman and property owner were paid. However, the oil and gas company now claims there was never a valid lease – despite internal correspondence that would indicate otherwise. Additionally, the oil and gas company never acted on the lease and now, six years later, wants its money back.

In short, this is a soup sandwich. And the parties' extensive filings do not make things any clearer. There's lots of hyperbole (*e.g.*, "ever-mutating and twisted theory of the case"), that overlooks the fact that the entire case rests on disputed facts. All of the claims are based on whether there was a escrow agreement, a valid lease, and authorization to release funds. Ultimately, it comes down to this: who will the jury believe, based on testimony, credibility, surrounding circumstances, and the actions of the parties. While some causes of action may be resolved after the presentation of evidence, I find that, at this point, it's better to see how things shake out in front of the jury.

# CONCLUSION

Accordingly, Third-Party Defendant MMG and Ellis's Motion for Summary Judgment (Doc. No. 184); Defendant's Motion for Summary Judgment re: Third-Party Defendant's Counterclaims (Doc. No. 190); Plaintiff's Motion for Summary Judgment re: Cross-Claim Against James Ellis and Marcellus Minerals Group (Doc. No. 192); Defendant's Motion for Summary Judgment on Plaintiff's Claims (Doc. No. 193); Plaintiff's Motion for Summary Judgment on It's Unjust Enrichment Claim against Ridec (Doc. No. 199); Plaintiff's Motion for Summary Judgement re: Defendant as an Escrow Agent (Doc. No. 212); Plaintiff's Motion for Summary Judgment re: Ridec's Counterclaims (Doc. No. 216); and Third-Party Defendants' Motion for Summary Judgment (Doc. No. 206) are DENIED.

The Motions to Correct Concise Statement of Facts (Doc. Nos. 222, 267) are GRANTED, but MOOT.

IT IS SO ORDERED this 9th day of July, 2018.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE